DENNY and others, Trustees, &c. *vs.* THE MANHATTAN COMPANY.

Where an agent neglects to perform a duty which he owes to his principal and third persons are thereby injured, their remedy is against the principal and not against the agent.

Accordingly, where the plaintiffs were the assignees of a certificate of stock standing in the name of another person in a foreign banking corporation which had a transfer office in this state under the charge of an agent authorized to register transfers, who unjustly refused to permit the plaintiff's stock which was registered in that office to be transferred to them on its books, upon which they brought *case* against the agent; *held* that the action could not be maintained.

DEMURRER to declaration. The plaintiffs, as trustees of the creditors of Joseph and Andrew Brown, appointed pursuant to proceedings by attachment instituted against them as non-resident debtors on the 9th day of November, 1836 under the provisions of the revised statutes, sued the defendants *in case* for an alleged violation of duty as the agents in New-York of the Planters' Bank of Tennessee, in refusing to permit a transfer to the plaintiffs on the transfer book of the Planters' Bank kept by them, of two hundred and eighty-one shares of the capital stock of that bank alleged to belong to the plaintiffs in their character of trustees. The declaration alleged that the defendants were a banking corporation organized under their charter and transacting business in the city of New York, and that the Planters' Bank was a corporation created by the legislature of Tennessee with a capital of $2,000,000, divided into shares of $100 each. It then averred that the defendants at the several times afterwards mentioned, "were the agents in the said city of New-York of the said Planters' Bank of Tennessee for the registration and transfer of the stock of such bank and the payment of dividends thereupon in said city, and did during all the time last aforesaid keep at their said banking house in the city of New York, a set of books for the registration and transfer of the said stock of the said Planters' Bank of Tennessee," to wit, &c. It then stated with particularity the title of the trustees to the shares claimed by them, which was substantially as follows: the Browns, prior to the attachment against them, were the owners of the stock, and held two certificates, each for separate portions of it, issued by the defendants as the lawfully authorized agents of the Planters' Bank, signed by the cashier and by a clerk of the defendants under the corporate seal of the Planters' Bank, which certificates stated that the Browns were entitled to the shares mentioned in the certificates respectively, which were declared to be "transferable only at the bank of the said defendants on the surrender of the certificate." On the 12th day of December, 1837, A. Brown as survivor of J. Brown who had died, executed under his seal a conveyance and transfer of the stock mentioned in both cer-

tificates to Messrs. Crockett and Park, with a power of attorney contained in it to a clerk of the defendants, who was named, to surrender the certificates and execute a formal transfer. Crockett and Park, a few days afterwards, executed a like conveyance of the stock to the plaintiffs as trustees as aforesaid, with a power of attorney in blank. The declaration thereupon avers that it became and was the duty of the defendants upon the production and surrender of the certificates "to suffer and permit" the stock to be regularly transferred upon the transfer books kept at the defendants' bank to the plaintiffs as trustees under the act; and that the plaintiffs, to wit, on the 29th of September, 1838, &c. exhibited to the defendants these evidences of their right to the stock, and also a letter from the cashier of the Planters' Bank to the cashier of the defendants' company requesting that such transfer might be made, and offered to fill up the blank in the last mentioned conveyance with the name of a clerk of the defendants and to do all necessary acts, &c. and requested the defendants to permit the transfer to be made; yet that the defendants not regarding their duty, &c. but contriving and fraudulently intending, &c. would not suffer or permit the stock to be transferred to the plaintiffs on the books so kept by them, &c. whereby the plaintiffs have been unable to obtain a sufficient title to the stock and have been prevented from selling and disposing of it, whereby it has become of no value to the plaintiffs.

The foregoing is the substance of the first count. There were four other counts substantially like the first, but with some additional averments not material to the point determined by the court.

The defendants demurred to the declaration, assigning special causes, objecting among other things that the declaration did not show any valid title in the plaintiffs as trustees to the stock in question, and that the defendants were not liable to the plaintiffs for acts done or omitted by them as agents of the Planters' Bank; and that if they were liable at all the action ought to have been assumpsit. Joinder.

*S. P. Staples & S. Stevens,* for the defendants, to show that the declaration stated no title to the stock in the plaintiffs as trustees, referred to 2 *R. S. pp.* 7, 8, §§ 30, 32; *Id.* 42, § 7, *sub.* 2; *Stat.* 1842, *p.* 227, 8, § 6; 2 *Kent's Com.* 406; *Cowen & Hill's Notes,* 870, *note* 621; *Ogden v. Saunders,* (12 *Wheat.* 213, 359,) *Abraham v. Plestoro,* (3 *Wend.* 538,) *Story's Confl. Laws,* 348, § 414.

They maintained that if the plaintiffs had a cause of action, it was against the Planters' Bank of Tennessee and not against the defendants who, as agents, were responsible only to their employers. (*Story on Agency,* §§ 216, 217, 263, 270, 308, 309, *note* 1; *Id.* 310.

*S. A. Foot,* for the plaintiffs cited upon the first question, 2 *R. S.* 8, § 34; *Id. p.* 3, § 6; *Id.* 42, § 8, *sub.* 2; *Id. p.* 46, §§ 26 *to* 36; *Bogert v Hertell,* (4 *Hill,* 492, 503.) To show that the defendants were liable he referred to *Kortright* v. *The Buffalo Commercial Bank,* (20 *Wend.* 91,) *Hearsey* v. *Pruyn,* (7 *Johns.* 179, 182,) *Story on Agency,* §§ 314, 315.

PER CURIAM. We entertain a pretty strong impression that the plaintiffs have failed to show a good title to the stock: but our decision will be put upon another ground, concerning which we have had no doubt from the moment the case was opened. If the plaintiffs have a cause of action against any one, it is not against the defendants, but against the Planters' Bank of Tennessee. The defendants were not the agent of the plaintiffs and owed them no duty. They were the agent of the Planters' Bank; and for a neglect to discharge their agency, they are answerable to their principal and to no one else. If third persons are injured by the neglect of a known agent, the rule is *respondeat superior,* and generally the action must be brought against the principal.

Judgment for defendants.