## POTTER v. GILBERT.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. NEGLIGENCE (§ 111*)—ACTION—SUFFICIENCY OF COMPLAINT.

A complaint against an architect for damages from the collapse of a wall, which merely alleges the making of unsafe plans and specifications for the building, is insufficient in failing to allege that the accident resulted from the defects in such plans and specifications.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 183½; Dec. Dig. § 111.*]

2. NEGLIGENCE (§ 111*)—ACTIONS—SUFFICIENCY OF COMPLAINT.

The complaint against an architect for damages from the collapse of a wall, which alleges a departure from the plans and specifications, is insufficient if it fails to allege that defendant permitted the departure, or had knowledge thereof in time to remedy the defects in the work before the accident.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 182; Dec. Dig. § 111.*]

3. PLEADING (§ 34*)—CONSTRUCTION—ALTERNATIVE ALLEGATIONS.

An alternative allegation is on demurrer to be construed against the pleader, and most favorably to the party demurring.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 66; Dec. Dig. § 34.*]

4. MASTER AND SERVANT (§ 310*) — INJURY TO THIRD PERSON — LIABILITY OF SERVANT.

A breach of an architect's contract with the owner to supervise the construction of a building, by permitting a departure from the plans and specifications, or failure to condemn improper work, does not render the architect liable to a third person for injuries resulting from the collapse of a wall.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1235; Dec. Dig. § 310.*]

McLaughlin and Ingraham, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Alma H. Potter, as administrator, against Charles P. H. Gilbert. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed, with leave to amend the complaint.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Leavitt J. Hunt (Robert McLeod Jackson, on the brief), for appellant.

William B. Hornblower (W. W. Miller and J. Norris Miller, on the brief), for respondent.

LAUGHLIN, J. The demurrer is upon the ground that the complaint fails to state facts sufficient to constitute a cause of action. The action is brought to recover for the death of Alvin Potter, alleged to have been caused by the negligence of the defendant. On the 10th day of September, 1906, the decedent was in the employ of George A. Varney & Co., as a carpenter, working on a building which his employer was erecting at Mineola, Long Island, under a contract with Robert Graves, who was the owner of the premises upon which the building was being constructed. The death of Potter was caused by the collapse of one of the walls of the building while in process of construction.

The plaintiff alleges: That defendant was an architect and drew the plans and specifications, and undertook and agreed to supervise, and did supervise, the erection and construction of the building for the owner, under the contract between the owner and the employer of decedent for the erection thereof; that the building was of concrete construction, and the outer walls had been erected to the height of 20 feet "when * * * a part of the walls of said building, known as the east wing, collapsed and fell down"; that "defendant, his agent or agents, employé or employés, had the supervision of the construction of said buildings and walls, when the same fell down"; that it was essential to the safety of a large number of persons who were constantly engaged in work in and about the building that it "be constructed according to proper plans and specifications, in a proper manner, of proper materials, and under competent superintendence"; that it was the duty of the defendant to furnish proper plans and specifications; that he failed to do so; that "it was the duty of the defendant, his agents and employés, to properly superintend the construction of said building"; that he failed to do so; that the wall "collapsed or fell by reason of the failure or negligence of the defendant, his agents and servants, to use due diligence in the supervision of the construction thereof"; that it was the duty of "defendant, his agents and employés, to condemn, as unsound or improper, the wall that fell down, if the same had been constructed improperly"; that the wall was constructed improperly, and the construction was not condemned; that it was necessary to have the work performed under the supervision and direction of a person skilled in such construction; that defendant undertook to supervise the work; "that by reason of the negligent manner of performing said work, said building and wall collapsed," causing the death of plaintiff's intestate while in the performance of his work and without negligence on his part; that "said building or wall fell or collapsed by reason of the negligent and improper manner of construction and erection of said build-

ing while under the supervision of the defendant, his agents or servants"; that the improper construction and erection "was known to the defendant, his agents and servants, or should have been known if he or they had exercised reasonable diligence in the performance of his or their duties."

An architect, in preparing plans and specifications for the construction of a building under employment by the owner, is following an independent calling and is doubtless responsible for any negligence in failing to exercise the ordinary skill of his profession which results in the erection of an unsafe structure whereby any one lawfully on the premises is injured (Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914); but it will be observed that there is no charge of negligence against the defendant with respect to the preparation of the plans and specifications for the erection of the building. The plaintiff does allege that the architect prepared unsafe plans and specifications, but there is no allegation that the collapse of the wall was owing to any defect in this regard. It may well be that an architect, acting under a contract with the owner, by which it is his duty to supervise the construction of the building, who knowingly permits a departure from the plans or specifications, would be liable to a party injured thereby, and that he would also be liable for failing to condemn any improper work which he discovers; but there is no allegation that the architect permitted a departure from the plans or specifications, or that he knew there had been a departure therefrom in time to remedy the defect before the collapse of the wall. The charge in that regard is in the alternative, that he knew, or should have known, had he exercised reasonable diligence.

It is well settled that on demurrer an alternative allegation is to be construed against the pleader and most favorably to the party demurring, for that is a matter of substance, and both things are not charged; and under this rule the charge is merely that the architect failed to exercise due diligence in supervising the construction. The allegation that it was the duty of the defendant to condemn the wall is insufficient to show negligence, for the reason that the facts from which the duty flowed are not set forth. At most, then, the complaint merely charges an omission of duty on the part of the architect while acting for his principal, the owner, which constitutes only nonfeasance for which he may be liable to his employer, but is not liable to third parties. Denny v. Manhattan Co., 2 Denio, 115, affirmed 5 Denio, 639; Murray v. Usher, 117 N. Y. 546, 23 N. E. 564; Burns v. Pethcal, 75 Hun, 442, 27 N. Y. Supp. 499; Van Antwerp v. Linton, 89 Hun, 417, 35 N. Y. Supp. 318. The architect would be liable to his employer, the owner, for a failure to properly supervise the work; but a failure in this regard amounting to no more than nonfeasance would not give rise to a cause of action in favor of a third party, whose claim would merely be that, if the architect had attended to his duties more diligently, he would have discovered a departure from the plans or specifications by the contractor and might thus have prevented the accident. Notwithstanding the fact that the architect agreed with the owner to supervise the work, if he saw fit to breach his contract and not commence the supervision, I presume it would not be claimed that

he would be liable to an employé of the contractor injured because the plans and specifications were not followed, even though it might be shown that if the architect had performed his contract with the owner and properly supervised the work the accident would have been avoided.

It can make no difference in principle at what stage of the work the architect violates his contract with the owner, or whether the violation be a total or only a partial breach. The architect may owe a duty to the owner to visit and inspect the work hourly, daily, or weekly; but he owes no duty to the employés of the contractor to remain on the ground any given length of time or to inspect the work at given intervals to see that the plans and specifications, which fully and definitely prescribe materials and dimensions and quantities, are followed by the contractor, who is presumed to be competent or to employ a superintendent or foreman competent to follow them. It was the duty of the employer of the decedent under his contract with the owner to follow the plans and specifications. The supervising power conferred upon the architect was to insure this result for the protection of the owner. If the architect were guilty of any affirmative act which contributed to the accident, as by directing a departure from the plans or specifications, or the use of improper materials, or knowingly suffering such departure from the plans or specifications, or such use of improper materials, or failing to condemn improper work, he would doubtless be liable; but there is no such charge made in the complaint. The architect was authorized to condemn materials and work which did not conform to the requirements of the plans and specifications, but this gave rise to no duty on the part of the architect towards the employés of the contractor to remain upon the premises and be vigilant in scrutinizing the work of the contractor. The architect owed the decedent and every one lawfully on or about the premises the duty of preparing plans and specifications under which the building could be constructed with safety, and the decedent's employer owed him the duty of following the plans and specifications; but the architect owed no duty of active vigilance to the decedent to supervise the work of the employer of the decedent, although he may have owed such duty to the owner by whom he was employed.

It follows therefore that the complaint fails to state a cause of action, and the interlocutory judgment should be affirmed, with costs, but with leave to plaintiff to amend on payment of the costs of the appeal and of the demurrer.

CLARKE and SCOTT, JJ., concur.

McLAUGHLIN, J. (dissenting). The defendant is an architect and was employed by one Graves to prepare plans and specifications for a proposed building of concrete construction. The plans were accepted, and a contract let for the construction of the building under the supervision of the defendant. During the progress of the work of construction a section of one of the out side walls collapsed, and plaintiff's intestate, an employé of the contractor, was killed. This action is brought to recover the damages alleged to have been sustained upon

the ground that the death of the intestate was caused by the negligence of the defendant in furnishing improper plans and specifications and in failing to properly supervise the work as it progressed. The defendant demurred to the complaint upon the ground that it failed to state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff appeals.

The judgment is sought to be sustained because it is asserted that the complaint does not charge that the death of plaintiff's intestate was caused by the negligence of the defendant in drawing the plans and specifications, but that the same was caused by his negligence in failing to properly supervise the construction, and as to the latter he is not liable to a third party, inasmuch as such negligence is a mere omission of duty to his principal, the owner, to whom alone he is responsible.

In determining whether a complaint states a cause of action, all of the allegations therein contained must not only be liberally construed (section 519, Code Civ. Proc.), but every fact stated, as well as such as may by reasonable and fair intendment be implied from the allegations set forth, must be assumed to be true. Milliken v. Western Union Tel. Co., 110 N. Y. 403, 18 N. E. 251, 1 L. R. A. 281. When this complaint is so read, I am of the opinion that the court erred in holding that it did not state a cause of action. After stating that defendant drew the plans and specifications for the building, and undertook to supervise its construction, that he was actually engaged in such supervision when the wall fell, and that it was essential to the safety of persons working on the building that it be constructed according to proper plans, in a proper manner, of proper materials, and under competent superintendence, the complaint alleges:

"That it was the duty of the defendant * * * to furnish proper plans and specifications for the construction of said building. That the defendant failed to furnish proper plans and specifications therefor. That it was the duty of the defendant * * * to properly superintend the construction of said building. * * * That the aforesaid wall collapsed or fell by reason of the failure and negligence of the defendant * * * to use due diligence in the supervision of the construction thereof. That it was the duty of the defendant * * * to condemn as unsound or improper the wall that fell down if the same had been constructed improperly. That although said wall was constructed improperly, the defendant * * * did not condemn or in any manner attempt to condemn the construction of said wall. * * * That in the construction of concrete walls similar to those in said building, it was necessary to have the work performed under the supervision and direction of a person skilled in such construction. That the defendant undertook to supervise the said work, and that by reason of the negligent manner of performing said work, said building and wall collapsed. * * * That the said building or wall fell or collapsed by reason of the negligent and improper manner of the construction and erection of said building while under the supervision of the defendant. * * * That said improper construction and erection was known to the defendant, * * * or should have been known if he * * * had exercised reasonable diligence in the performance of his * * * duties. * * *"

If the plaintiff intended to rely upon the furnishing of improper plans and specifications and the consequent faulty construction of the building as the ground of liability, it would have been much more satisfactory if she had set out that fact in plainer language; but construing the complaint, as we must, liberally, and assuming to be true every

allegation set forth, as well as every fact which fairly may be inferred from those pleaded, I am of the opinion that it charges the defendant was negligent in furnishing the plans and specifications, and the wall fell by reason of that fact. It sets forth that the defendant failed to furnish proper plans and specifications, that the wall was constructed improperly and fell "by reason of the negligent and improper manner of the construction and erection," and that the defendant undertook to supervise the construction. From these allegations it is fairly to be inferred that the building was being constructed according to the plans and specifications which the defendant had prepared. It is nowhere alleged that there were any defects in construction apart from the intrinsic defects in the plans and specifications themselves. It may fairly be inferred therefore "that the negligent and improper manner of the construction and erection" which is alleged to have been the reason of the collapse of the wall was the result of following the improper plans furnished. If this be a proper construction of the complaint, then we are all agreed it states a cause of action. Burke v. Ireland, 166 N. Y. 305, 59 N. E. 914.

But assuming that the allegations are not sufficient to charge the defendant with liability upon this ground, and that it charges him only with negligence in superintending the erection of the building, I am still of the opinion that the complaint states a cause of action. The contract between the contractor and Graves, the owner, which was accepted on behalf of the latter by the defendant and is annexed to and made a part of the complaint, provides: That "it is understood and agreed * * * that the work included in this contract is to be done under the direction of the said architect"; that no alterations shall be made except upon his written order; that the contractor shall provide facilities at all times for the inspection of the work by him or his representatives, and shall, within 24 hours after receiving written notice from him, remove all materials and take down all work condemned by him as unsound or as failing to comply with the plans and specifications, and make good the same. An architect's special business is to prepare plans of buildings, determine among other things the thickness of their walls, and specify the necessary support, and then, if called upon to do so, see to it that the building is erected according to the plans which he has prepared. The calling is of such a character and requires such a degree of skill that, when an owner employs a competent architect to draw plans and supervise the erection of a building, he is relieved from the consequences of a collapse resulting from defects in either. Burke v. Ireland, supra; Same v. Same, 26 App. Div. 487, 50 N. Y. Supp. 369. The architect's relation to the building which he has planned and the erection of which he is superintending is independent of that of the owner, and in the performance of his duties he is not the agent or servant of the owner in such sense as makes the owner responsible for his negligent acts. This principle was recognized by Judge O'Brien, who delivered the opinion in Burke v. Ireland. He said:

"In this case the owner was not competent himself to plan the building which he desired to erect. He was not competent to construct or superintend the construction. If he had attempted to do any of these things, it may be

that he could be held responsible for the results of the accident. It was his duty to devolve these things upon persons possessing sufficient knowledge and skill to accomplish the result intended, with safety to the ·workmen and the public. * * * If the architect, who had general supervision, had insisted upon a careful inspection of every detail of the work, * * * he might have discovered the departure from the terms of the contract * * * and prevented it; but the architect was not the agent or servant of the owner. He was in the exercise of an independent calling and held the same legal relations to the defendant that the builder did, and for the omissions of either in the execution of the plans personal negligence cannot be imputed to the defendant."

It is, however, strenuously urged by respondent's counsel that the court did not hold in Burke v. Ireland that an architect is not the agent or servant of the owner; that what was said on that subject was obiter only. I do not so read the opinion. That action was brought against the owner, and the court held that, although the defect which caused the collapse of the building might have been discovered and prevented by the architect, who had general supervision, nevertheless his negligence could not be imputed to the owner because he was not the agent or servant of the latter.

If the relation of principal and agent did exist between Graves and the defendant, then I think the complaint states a cause of action, because it charges the defendant with misfeasance, and all of the authorities agree that for that an agent may be held liable to a third party. It alleges that the defendant undertook to supervise the construction of the building, that he had supervision of the work when the wall fell, which was occasioned by the negligent manner in which he performed his work, and that the improper construction of the wall was known to him, or would have been if he had exercised reasonable diligence in the performance of his duties. The negligent performance of his contract with Graves, not mere nonperformance, is what is alleged. This is equivalent to a charge of misfeasance and not nonfeasance. As said by Chief Justice Gray, in Osborne v. Morgan, 130 Mass. 102, 39 Am. Rep. 437:

"It is doubtless true that, if an agent never does anything towards carrying out his contract with his principal, but wholly omits or neglects to do so, the principal is the only person who can maintain any action against him for the nonfeasance; but if the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts, and he cannot, by abandoning its execution midway and leaving things in a dangerous condition, exempt himself from liability to any person who suffers injury by reason of his having so left them without proper safeguards. This is not nonfeasance, or doing nothing, but it is misfeasance, doing improperly."

And in Ellis v. McNaughton, 76 Mich. 237, 42 N. W. 1113, 15 Am. St. Rep. 308, it was said:

"Misfeasance may involve to some extent the idea of not doing; as where an agent, while engaged in the performance of his undertaking, does not do something which it was his duty to do under the circumstances; as, for instance, when he does not exercise that care which a due regard for the rights of others would require. This is not doing, but it is the not doing of that which is not imposed upon the agent merely by his relation to his principal, but of that which is imposed upon him by law as a responsible individual in

common with all other members of society. It is the same not doing which constitutes negligence in any relation and is actionable."

The defendant knew that workmen would be engaged in and about the building, and that a wall of concrete 20 feet high improperly constructed would be imminently dangerous to their safety. Having assumed to superintend the construction, and having actually entered upon his work, his negligence in doing it was not a mere omission of duty to the owner, but, as to the decedent, misfeasance. Mechem on Agency, § 572.

I am of the opinion that the judgment appealed from should be reversed, with costs, the demurrer overruled, with costs, with leave to defendant to withdraw demurrer and interpose an answer, on payment of the costs in this court and in the court below.

INGRAHAM, J., concurs.