HAIGH v. EDELMEYER & MORGAN HOD ELEVATOR CO..

(Supreme Court, Appellate Division, First Department. February 4, 1910.)

1. BAILMENT (§ 9*)—DANGEROUS APPLIANCES—NEGLIGENCE.

Plaintiff was injured by the fall of a hod elevator, which his employers had rented from defendant, due to the breaking of the wooden headpiece which supported the cables. The court charged that defendant was under no obligation to inspect the elevator, at least until called on to do so by .the lessees, and that plaintiff could not recover, unless the jury found that the headpiece which broke was defective and improperly constructed when it was last placed in position by defendant, and that the accident was directly attributable thereto. Plaintiff's, counsel then stated that plaintiff did not claim that the crosspiece was defective or improperly constructed when it was installed, and the court then charged, at defendant's request, that in the absence of a special agreement no duty devolved on defendant to inspect the elevator, after furnishing and installing a safe and suitable elevator and properly inspecting it on each occasion when it was moved, and that the evidence did not warrant a finding that any such specific agreement existed between defendant and the lessee. Held, that under such instructions defendant was entitled to a directed verdict.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 9.*]

2. BAILMENT (§ 9*)—DEFECTIVE APPLIANCES—INJURIES TO SERVANT OF LESSEE.

Where plaintiff was injured by a defective hod elevator, leased by his employers from defendant, and it had been customary for defendant to inspect and repair or remove the elevator on request of the lessees, but there had been no request for inspection prior to the accident, and there was no evidence that by custom or course of dealing an agreement could be implied binding defendant to make inspections, or that defendant had made inspections at other times than when specially requested, instructions permitting the jury to find for plaintiff because of defendant's failure to inspect and repair the elevator at times other than when it was installed or moved and without request from the lessees, provided the jury found an agreement to that effect based on a general custom or course of business, were erroneous.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 9.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BAILMENT (§ 9*)—DANGEROUS APPLIANCES—HOD ELEVATOR—LEASE—IN-
JURIES TO LESSEE'S SERVANTS.

Where defendant leased to plaintiff's employer a hod elevator, not ap-
parently dangerous, defendant's agreement, after properly inspecting and
installing the elevator, to inspect it periodically and keep it in repair,
imposed on it a mere contractual obligation, for breach of which it would
be liable to the lessee, but for which no recovery could be had by the
lessee's servant, injured by a defect in the elevator which might have
been discovered by proper inspections and repaired.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 9.*]

4. BAILMENT (§ 9*)—APPLIANCES—LEASE—NEGLIGENCE.

The lessor of a hod elevator, which was suitable and safe when in-
stalled and then properly inspected, owed no duty of active diligence to
inspect and repair the elevator for the benefit of the employés of the
lessee.

[Ed. Note.—For other cases, see Bailment, Dec. Dig. § 9.*]

Appeal from Trial Term, New York County.

Action by Hartley A. Haigh against the Edelmeyer & Morgan Hod
Elevator Company. From a judgment for plaintiff, and from an or-
der denying defendant's motion for a new trial, plaintiff appeals. Re-
versed, and new trial granted.

See, also, 123 App. Div. 376, 107 N. Y. Supp. 936.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGH-
LIN, MILLER, and DOWLING, JJ.

Frank V. Johnson, for appellant.
Carlisle Norwood, for respondent.

LAUGHLIN, J. This action was brought to recover damages for
personal injuries sustained by the plaintiff on the 19th day of July,
1904, by the fall of an elevator, alleged to have been due to the negli-
gence of the defendant. The firm of Turner & Holmes had the con-
tract for the mason work on a building which was being erected at
the time of the accident on premises known as Nos. 46 and 48 West
Ninety-Sixth street, borough of Manhattan, New York, and the plain-
tiff was in their employ as foreman of the bricklayers. About three
weeks prior to the accident Turner & Holmes rented of the defend-
ant a hod elevator for use on the job. The construction work had
progressed at that time to about the second tier of beams. They had
rented hod elevators of the defendant before, and it was their custom
to give the defendant a few hours' notice by telephone when they
needed one. Nothing was said as to who should inspect or keep the
elevator in repair. It is necessary to move the fixed parts of the ele-
vator at the top, consisting of the headpiece, guides, and rigging, from
floor to floor as the work progressed. It had been customary for the
firm of Turner & Holmes to notify the defendant whenever anything
was out of order with the elevator and when it was desired to have it
moved, and the defendant then would inspect and repair or remove the
elevator as required; but there had been no request for inspection or
repairs on the elevator at this particular job. There was a printed cir-
cular, issued by the defendant, specifying its charges for the use of
elevators and engineers to operate them; but it was lost. The elevator

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was operated by an engineer, who testified that he was in the employ of Turner & Holmes at the time. Whether he was furnished, or sent .by the defendant with the elevator, does not expressly appear; but he testified that he was paid by Turner & Holmes. It was conceded that he was on the pay roll of both lessor and lessee of the elevator. The accident was not caused by negligent operation, but by an unsafe and defective condition of headpiece. It is not claimed that the engineer had any duty with respect to inspection. The fall of the elevator was caused by the breaking of the wooden headpiece which supported the cables at the top. The plaintiff alleged that this headpiece was defective and unsound, and that the defendant failed to properly inspect it.

On a former appeal herein (123 App. Div. 376, 107 N. Y. Supp. 936) this court held that the defendant was under no obligation to inspect the elevator, at least until called upon so to ·do by the firm of Turner & Holmes, and that the trial court erred in refusing to instruct the jury that the plaintiff could not recover, unless they found that the headpiece, which broke and caused the accident, was defective and improperly constructed when it was last placed and installed in position by the defendant, and that the accident was directly attributable thereto. On the new trial, counsel for the defendant requested the court to instruct the jury in the language of the request which was refused on the former trial and held proper by this court, to which the court responded:

"I understand that the plaintiff does not claim that this crosspiece was defective and improperly constructed when it was installed."

To which counsel for the plaintiff responded:

"That is correct. We do not claim that."

The court then said:

"That not being claimed, I see no necessity for charging that."

Whereupon counsel for the defendant duly excepted. Counsel for plaintiff thereupon stated to the court that he would prefer to have the request charged, and thereupon it was charged. Counsel for the defendant thereupon requested the court to instruct the jury that, in the absence of a special agreement, no duty devolved upon the defendant to inspect the elevator after furnishing and installing a safe and suitable elevator and properly inspecting it on each occasion when it was moved, and the court so charged. Counsel for the defendant then requested the court to instruct the jury:

"That the evidence in this case does not warrant a finding that any such special agreement existed between the defendant and plaintiff's employers at the time of this accident."

And the court so charged. On these instructions the defendant was entitled to a direction of a verdict, for no question was left for the consideration of the jury upon which a finding against the defendant could be predicated. After the court ruled on some further requests bearing upon other points, one of the jurors inquired:

"Would a general custom constitute an agreement?"

Whereupon counsel for the plaintiff stated:

"A course of dealing, he means."

The court then said:

"You mean a course of dealing between the parties?"

To which the juror replied:

"The custom that was general."

The court then said:

"If you find there is any evidence to that effect, if there is any evidence from which you may infer that it is the general custom, and that this was no exception to that general custom, then you may come to the conclusion that there was such an agreement."

Counsel for the defendant duly excepted, and counsel for plaintiff requested the court to instruct the jury that by a general custom was meant "a course of dealing between the parties," whereupon the court said:

"Yes; a course of dealing between the parties, and which you infer or conclude existed from the evidence in this case."

Counsel for plaintiff then said:

"I think you should explain to the jury that you used a legal expression, 'course of dealing.' "

Whereupon the same juror inquired:

"A general custom between the parties in that particular case?"

To which the court replied:

"I am not prepared to go so far as to hold that the general custom of parties other than the parties Turner & Holmes and this defendant. What was done in other cases has no bearing on this particular case."

It is not expressly so stated, but it is evident that the court, by these further instructions to the jury, intended to permit the jury to hold the defendant liable for a failure to inspect and repair the elevator at times other than at the time of installing or moving it, and without any request from the lessees, provided that the jury found an agreement to that effect, based upon a general custom or course of business between the parties, by which that had been done by the defendant in the past. We are of opinion that this was error. If there was no express agreement between Turner & Holmes and the defendant, by which it was the duty of the defendant to inspect the elevator at other times, as the court instructed the jury, there is no evidence to sustain a finding that by custom or course of business an agreement could be implied, or that defendant had at other times inspected and repaired the elevator, excepting when specially requested so to do by Turner & Holmes.

Moreover, after properly inspecting and installing the elevator, or again moving, installing, and inspecting it in its new position, it is difficult to see upon what theory there would be any liability on the part of the defendant to the plaintiff, even though there were an agreement or a custom by which, as between the defendant and Turner & Holmes, the former owed the duty to the latter of keeping the ele-

vator in repair. That would be a mere contract duty, for a breach of which it would be liable only to the party with whom the contract was made. The hod elevator was not inherently dangerous. It could be used and operated safely by the exercise of ordinary care in running and inspecting and repairing it. It was perfectly lawful for the defendant to rent the use of it, and if it agreed with the lessee to inspect and repair the elevator it would be liable to them for its failure to perform its contract; but its failure to inspect the elevator when once properly installed and left in a safe condition, or properly reinstalled and properly reinspected and left in a safe condition, would constitute a mere breach of duty at most between it and Turner & Holmes. It owed no duty of active diligence to inspect and repair the elevator for the benefit of the employés of Turner & Holmes, provided the elevator was a suitable and safe appliance when last installed and was then properly inspected. That was a duty which their employer owed to them, and which he could not escape by attempting to delegate it to another. If, as between them and the lessor, it was the duty of the latter to inspect and repair, then they could doubtless have had proper inspection and repairs made at the expense of the lessor.

The case is quite analogous, I think, to the case of an architect, whose duty, as between him and his employer, was to inspect the work and to require that the contractors construct a building according to the plans and specifications, and by his failure so to do, which was a mere act of omission, a wall improperly constructed, not according to the plans and specifications, fell, injuring a workman on the building, and this court held, and the Court of Appeals affirmed the decision, that the architect did not owe any duty of active diligence to the employés of the contractors. Potter v. Gilbert, 130 App. Div. 632, 115 N. Y. Supp. 425, affirmed 196 N. Y. mem. p. 78, 90 N. E. 1165.

It follows, therefore, that the judgment and order should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.