ALVAR JOHANSSON, Respondent, *v.* EDWARD KEMP and Another, Defendants, Impleaded with NICHOLAS KOVACK, Appellant.

First Department, January 9, 1925.

**Motor vehicles — action to recover for injuries suffered when plaintiff was struck by automobile — driver was employed by garage in which automobile belonging to third person was stored — complaint alleges that garage owners are liable, since driver was acting for them, or they negligently failed to use care to prevent automobile from being taken by driver — complaint in alternative must, to be sufficient, be good as to both alternatives — complaint is insufficient as to second alternative and must be dismissed.**

A complaint in an action to recover damages for personal injuries suffered by the plaintiff when he was struck by an automobile is insufficient, since it appears that the driver of the automobile was employed by the garage in which the automobile, the property of a third person, was stored; that the complaint alleges that the garage owners are liable on the ground that the driver was acting for them at the time of the accident *or* that they were negligent in failing to use reasonable care to prevent the driver from taking the automobile from their garage.

A complaint stating a single cause of action based on alternative theories is not sufficient unless it is good as to both alternatives, and since the garage owners were not liable to the plaintiff on the theory that they were negligent in failing to exercise reasonable care to prevent the automobile from being taken from the garage, the complaint must be dismissed as insufficient.

APPEAL by the defendant, Nicholas Kovack, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of April, 1924, denying his motion made under rule 106 of the Rules of Civil Practice for an order dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Yankauer & Davidson* [*Harvey T. Mann* of counsel], for the appellant.

*Samuel R. Robinson* [*Julian J. Raphael* of counsel], for the respondent.

MARTIN, J.:

This is an action to recover damages for personal injuries suffered by plaintiff as a result of being struck by an automobile which defendant Kemp was driving. It is alleged that it belonged to one Perlman who kept it in the garage of defendants Kovack and Kramer, where Kemp was employed; and that their duty to Perlman was to keep the car in the garage excepting when the owner required it or consented to its use.

The allegations which seek to make Kovack and Kramer responsible for Kemp's alleged negligence in driving the vehicle are contained in the 8th and 10th paragraphs of the complaint.

In the 8th paragraph it is alleged that: " Upon information and belief: That the defendant Kemp in taking said automobile from said garage and driving same upon and about the public highway, acted for and on behalf of the defendants, Kovack and Kramer, and under their direction and orders, or that said Kemp, without the authority of the owner of said automobile, took said automobile from said garage with the knowledge of the defendants, Kovack and Kramer, or through their negligent failure to use reasonable care to prevent said automobile from being taken from said garage."

The 10th paragraph of the complaint reads as follows: " That said occurrence and injuries to plaintiff were due to the negligence of the defendants, Kovack and Kramer, in that the defendant Kemp was driving said automobile for and on behalf and under the direction, and upon the business of the defendants, Kovack and Kramer, or that the said defendants, Kovack and Kramer, failed to use reasonable care to avoid or prevent said automobile from being unlawfully taken from their garage by said defendant Kemp, without the knowledge or consent of the owner of said automobile, and in that said automobile was not kept under reasonable and proper control, nor the speed thereof checked; nor was the same turned or stopped in order to avoid the plaintiff; the plaintiff was not given a fair and reasonable opportunity to avoid said automobile, nor given any warning or signal of the approach of same, and said automobile was operated at a high, dangerous and unlawful rate of speed, and defendants, Kovack and Kramer, were careless and negligent in other respects, and failed to exercise reasonable diligence, care and prudence in the premises, and plaintiff was wholly free from negligence contributing to said occurrence."

There is but one cause of action asserted against defendant Kovack. It is based upon allegations purporting to lead to an inference that Kovack is responsible for the negligence of his employee Kemp. The language of the complaint is in the alter-

native and is to the effect that Kovack's liability is predicated on the fact that Kemp was driving the car in the course of his employment by Kovack or on Kovack's having failed to use reasonable care to prevent Kemp from taking the automobile from the garage without the consent of its owner.

The relationship existing between Kemp and Kovack with reference to the driving of this particular car might be alleged in the alternative.

If the 8th paragraph ended before the word " or " in the 6th line, the complaint might be sufficient; for if Kemp was driving on behalf of Kovack and Kramer, they might be liable for his negligence. But the complaint does not stop there; its form of allegation is *alternative* and not conjunctive. Where a plaintiff alleges that he stands on either one of two sets of facts, he does not state that he stands on both. It follows, therefore, that both must be sufficient to make out liability; otherwise he may be relying upon the one that is not sufficient.

The second part of paragraph 8 is insufficient. It alleges that the garage keepers negligently failed to prevent Kemp from taking the car out without the knowledge of the owner. In that respect, while they may have failed in their duty to the owner, they were under no duty to plaintiff. The nature and probable consequence of such failure of duty to the owner was not an accident.

Respondent relies also upon paragraph 10. So far as we are now concerned, it is a repetition of paragraph 8 with the addition of an allegation that in other respects Kovack and Kramer were negligent, which is nothing more than a conclusion.

The leading case on the subject appears to be *Potter* v. *Gilbert* (130 App. Div. 632; affd., 196 N. Y. 576). The plaintiff in that case attempted to fasten liability upon an architect for improper construction of the wall of a building. Plaintiff was a third party, who had been injured by the collapse of the wall. The complaint alleged that the improper construction of the wall " was known to the defendant, his agents and servants, or should have been known if he or they had exercised reasonable diligence in the performance of his or their duties." The court sustained the demurrer and there said: " The charge in that regard is in the alternative, that he knew, or should have known, had he exercised reasonable diligence. It is well settled that on demurrer an alternative allegation is to be construed against the pleader and most favorably to the party demurring, for that is a matter of substance, and both things are not charged; and under this rule the charge is merely that the architect failed to exercise due diligence in supervising the construction. The allegation that it was the duty of

the defendant to condemn the wall is insufficient to show negligence, for the reason that the facts from which the duty flowed are not set forth. At most, then, the complaint merely charges an omission of duty on the part of the architect while acting for his principal, the owner, which constitutes only non-feasance, for which he may be liable to his employer, but is not liable to third parties. (*Denny* v. *Manhattan Co.*, 2 Den. 115; affd., 5 id. 639; *Murray* v. *Usher*, 117 N. Y. 546; *Burns* v. *Pethcal*, 75 Hun, 442; *Van Antwerp* v. *Linton*, 89 id. 417.)"

In *People* v. *Equitable Life Assurance Soc.* (124 App. Div. 714) the court held that where a complaint alleges facts in the alternative, the defendant, upon demurrer, is entitled to the benefit of the alternative most favorable to it. In that case Mr. Justice LAUGHLIN said: " The general allegations of negligence are all in the alternative and to the effect that something was done or omitted. While this may be good pleading, it cannot be maintained that the affirmative act is charged, and on demurrer, as this relates to a matter of substance, and not form, the defendant is entitled to have the pleading construed as charging merely an omission of duty. (*Clark* v. *Dillon*, 97 N. Y. 370; Abb. Tr. Br. Pl. [2d ed.] 87.)"

The case of *Clark* v. *Dillon* (97 N. Y. 370) contains language which is pertinent; has been repeatedly cited and is especially applicable to a complaint containing alternative allegations: " It was formerly the settled rule to construe doubtful pleadings most strongly against the pleader, but this rule has been so far modified by the Code* as now to require them to be liberally construed with a view to substantial justice between the parties. This modification has, however, been held to extend only to matters of form and not to apply to the fundamental requisites of a cause of action. (*Spear* v. *Downing*, 34 Barb. 522; *Cruger* v. *Hudson R. R. R. Co.*, 12 N. Y. 190; *Bunge* v. *Koop*, 48 id. 225.) A construction of doubtful or uncertain allegations in a pleading, which enables a party by thus pleading to throw upon his adversary the hazard of correctly interpreting their meaning, is no more allowable now than formerly; and when a pleading is susceptible of two meanings, that shall be taken which is most unfavorable to the pleader. (*Yates* v. *Rosekrans*, 23 How. Pr. 98.)

" It is in the nature of things that a party who is required to frame his issues for the information of his adversary, and the court, must be responsible for any failure to express his meaning clearly and unmistakably. While it is competent for a party to

---

* See Code Proc. § 159; Code Civ. Proc. § 519; Civ. Prac. Act. § 275.—[REP.

move to make the pleadings of his adversary more definite and certain, yet, inasmuch as it is the primary duty of the party pleading to present a clear and unequivocal statement of his allegations, the onus of having them made so cannot be cast upon his adversary by his own fault in failing to perform his duty."

Assuming, therefore, for the purpose of this case that alternative allegations of negligence are permissible, they must each charge actionable negligence. The fact that one is sufficient will not sustain the complaint where the others are insufficient.

The order should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint on payment of said costs and ten dollars costs of motion at Special Term.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.