IRISH FREE STATE and Others, Plaintiffs, *v.* GUARANTY SAFE DEPOSIT COMPANY and Others, Defendants.

Supreme Court, New York County, November 25, 1925.

Parties — motion to intervene in actions to recover moneys and securities deposited as proceeds of subscriptions made by defendants to aid cause of Irish Republic — plaintiff claims as successor in interest of inchoate Irish Republic — prima facie evidence of interest in subject of actions shown by defendants, representing subscribers, within meaning of Civil Practice Act, § 193, subd. 3 — defendants entitled to intervene — stay granted — trial court should determine plaintiff's claim of sovereignty.

Defendants, representing subscribers to a fund raised to aid the cause of the Irish Republic, are entitled to intervene under section 195 of the Civil Practice Act, as parties defendant in an action brought by the Irish Free State, under a claim as successor in interest of the inchoate Irish Republic, to recover moneys and securities deposited by the defendants with others, since they show a *prima facie* interest in the subject of the action within the meaning of subdivision 3 of section 193 of the Civil Practice Act.

The orders should provide for a stay of the action until the intervenors are brought in and should permit the reading upon the trial of the testimony heretofore taken in the action.

The substantive question of the rights of the parties herein should not be determined on motion particularly where, as against plaintiff's claim as successor in interest

of the persons to whom the money was directly given, some of the subscribers to the fund, including the defendants herein, assert that the moneys were given specifically for the purpose of defeating the creation of such a particular unit as the Irish Free State. Nor should the claim of plaintiff's sovereignty be determined upon this motion since it is a matter for determination by the trial court.

MOTIONS to intervene in actions to secure moneys and securities deposited by defendants.

*Stetson, Jennings & Russell* [*John W. Davis, William C. Cannon* and *Frederic W. Girdner* of counsel], for the plaintiffs.

*Matthew T. Murray, Jr.* [*William G. McLoughlin* of counsel], for defendant Guaranty Safe Deposit Company.

*Larkin, Rathbone & Perry* [*Thomas H. Dugan* of counsel], for defendant Central Union Safe Deposit Company.

*Edwards, O'Loughlin & George* [*Gerald S. O'Loughlin* of counsel], for defendant Garfield Safe Deposit Company.

*Wesselman & Kraus* [*Wm. Burr De Lacy* of counsel], for defendant Harriman National Bank.

*Martin Conboy* and *Frank P. Walsh,* for defendants DeValera and O'Mara.

*Henry Wollman, Frank P. Walsh* and *John T. Ryan,* for petitioners John J. Hearn and others.

*Battle, Vandiver, Levy & Van Tine* [*George Gordon Battle, Michael Francis Doyle* and *Isaac H. Levy* of counsel], for petitioners Noonan Committee.

PROSKAUER, J.   The plaintiffs sue certain banks and safe deposit companies, together with DeValera and O'Mara (hereinafter referred to as the trustees) and certain agents to secure moneys deposited in the banks and securities lodged in the vaults of the safe deposit companies.   These moneys and securities are the proceeds of subscriptions made by thousands of citizens of Irish birth, descent or sympathy to aid the cause of the Irish Republic. To each subscriber was issued a certificate which acknowledged receipt of the subscription and was " exchangeable if presented at the Treasury of the Republic of Ireland one month after the international recognition of the said Republic for one  *  *  * Gold Bond of the Republic of Ireland.   Said Bond to bear interest at five per cent per annum from the first day of the seventh month after the freeing of the territory of the Republic of Ireland from Britain's military control and said Bond to be redeemable at par within one year thereafter."   The subscriber also signed an agree-

ment that he tendered his subscription voluntarily and that none of the interested parties were " under any obligation to repay this sum, or to pay interest on said sum " until the same events had occurred.

The plaintiff claims as successor in interest of the inchoate Irish Republic.

The case is before me on several motions. Two committees representing subscribers move to be added as parties defendant on behalf of themselves and all others similarly situated. One committee claims that plaintiff, as successor of the inchoate Irish Republic, is entitled to recover these moneys and securities, but only upon condition of the issuance of a bond. The other committee claims in the alternative that, the Irish Free State never having come to recognition, there is a resulting trust in favor of the subscribers, but that in the event that this claim is not upheld, the plaintiff can only take upon condition of issuing a bond for the subscription. The parties have presented their views as to the substantive rights created by these contributions with the concomitant certificates and agreements.

It seems to me inappropriate, however, to determine the substantive question of the rights of the parties on motion. The Civil Practice Act (§ 193, subd. 3) provides: " Where a person not a party to the action has an interest in the subject thereof,  *  *  * and makes application to the court to be made a party, it must direct him to be brought in by the proper amendment."

While the plaintiff urges that these subscribers parted with title to their moneys and, therefore, their rights, if any, are merely those of creditors without interest in the fund *per se*, the rights of the parties here are too complicated thus to be placed in category on motion. After all, the plaintiff is claiming as successor in interest of the persons to whom the money was directly given. Some of the donors contest this claim on the assertion that the moneys were given specifically for the purpose of defeating the creation of such a political unit as the Irish Free State. They have an interest in this *res* for the purpose of contesting the claim of the devolution of title to the plaintiff, the assertion of such conditions with respect to the devolution as the court may find to exist, and the maintenance of their position that the relationship of debtor and creditor was not created and that a resulting trust in their favor has here arisen.

The correctness of these contentions I do not determine. These parties show such a *prima facie* interest in the subject of the action as to constrain me under the Civil Practice Act to give them their day in court.

The plaintiff has also urged that in view of its sovereignty no claim can be asserted against it by these interveners, which is in the nature of counterclaim, or affirmative relief. *United States* v. *The Thekla* (266 U. S. 328, 339) decides that where a sovereign comes into court, in the language of Mr. Justice Holmes, " it so far takes the position of a private suitor as to agree by implication that justice may be .done with regard to the subject-matter." Clearly it does not subject itself to the liability of counterclaim upon a different and isolated transaction. (*Kingdom of Roumania* v. *Guaranty Trust Co.*, 250 Fed. 341.) It may be that the court will ultimately hold that it also subjects itself to the determination of the conditions upon which it may properly be granted the fund. But here again it seems to me inappropriate to decide this question on a motion to intervene. It suffices here to say that these interveners assert rights to the identical fund. The extent or character of the relief to which either they or the plaintiff. may be entitled in the light of plaintiff's sovereignty is a matter for determination by the trial court.

The defendants bank and safe deposit companies ask me to stay all proceedings in the action until the plaintiffs shall have brought in " one or more of such bond certificate holders in a representative capacity." The Civil Practice Act (§ 195) provides: " Where the question is one of a common or general interest of many persons or where the persons who might be made parties are very numerous and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

That course is properly to be followed in this case. In view of the disposition which I am making of the motions for leave to intervene, the granting of these motions for a stay will result in but brief delay and the orders should provide specifically that the stay operates only until these representative committees are brought in pursuant to the orders to be made on their motions.

On the question of terms, the interveners have delayed approximately three years in making these applications. Meanwhile testimony has been taken and the plaintiff justly asserts that it should not be unreasonably prejudiced by undue delay in the trial. The motions to intervene, therefore, will be granted on condition that the interveners stipulate that all testimony heretofore taken in the action may be read upon the trial and that the interveners shall serve their answers within ten days from the entry of the orders on their motions and that new notice of trial be waived and that the cause retain its calendar place; otherwise the motions will be denied.