IRISH FREE STATE and Others, Plaintiffs, *v*. GUARANTY SAFE DEPOSIT COMPANY and Others, Defendants.

Supreme Court, New York County, March 13, 1926.

**Pleadings — counterclaim — action by foreign government — intervenors claim no affirmative judgment but set up facts tending to diminish recovery — other intervenors assert lien on fund — motion to strike out counterclaims on ground that judgment is sought against foreign government denied — whether counterclaims are valid against foreign government may be determined on trial.**

In an action by a foreign government to recover a fund, a motion to dismiss counterclaims interposed by intervenors, one of which sets up facts tending to diminish the plaintiffs' recovery but asks no affirmative judgment, while the other prays alternative relief that the intervenors be decreed to have a lien on the fund, should be denied, for the question whether or not the counterclaims seek a judgment against a foreign government which cannot be granted may well be determined on the trial of the action; the counterclaims are sufficient and whether or not the relief will be awarded is for the determination of the trial court.

MOTIONS by plaintiffs to strike out counterclaims contained in answers of intervenors.

*Stetson, Jennings & Russell* [*John W. Davis, William C. Cannon* and *Frederic W. Girdner* of counsel], for the plaintiffs.

*Wollman & Wollman* [*Henry Wollman, Frank P. Walsh* and *John T. Ryan* of counsel], for the defendants Hearn and others.

*Battle, Vandiver, Levy & Van Tine*, for the defendants Noonan and others.

PROSKAUER, J. The plaintiffs move to strike out the counterclaims contained in the answers of the intervenors pursuant to the order made by me on January 7, 1926. I deem it unnecessary to repeat the considerations expressed in my opinion (126 Misc. 269) which permitted the allowance of the intervention. These motions to strike out raise essentially only questions as to the form of the

relief which I there stated to be " a matter for determination by the trial court."

The counterclaim contained in the answer of the Noonan group is clearly open to none of the objections urged by the plaintiffs. It merely sets up facts upon which it predicates a claim that if the fund here sought is adjudged to be the property of the plaintiffs, it should be upon a condition to which it is claimed the plaintiffs' predecessor in interest committed the plaintiffs. It states facts which tend to diminish the plaintiffs' recovery of a particular fund (Civ. Prac. Act, § 266); it asks no affirmative judgment whatever against the plaintiffs.

The counterclaim contained in the answer of the Hearn committee sets up substantially the same facts, but as an alternative prayer for relief either that the defendants be decreed to have a lien on the fund, or, if it be turned over to the plaintiffs, that it be upon the condition stated in the Noonan counterclaim.

The plaintiffs are clearly right in their contention that under the authorities no affirmative judgment can be recovered herein for a sum of money against the sovereign plaintiff. The defendants in brief disclaim any intent to secure such a judgment, stating that their prayer for a determination of the matter of their lien does not mean a prayer for money judgment against the sovereign plaintiff, but merely for the determination of the amount of a lien which they assert against the fund which is brought into court. It is unnecessary to determine on these motions whether they would be entitled to this relief. If their allegations are sustained, the relief to which they are entitled " should be left to the trial court after hearing the proofs in the light of the allegations." (*Traub* v. *Arrow Mfg. Corp.*, 207 App. Div. 292.)

In the light of the evidence adduced a court of equity might or might not say that the fixation of a lien on this fund was in essence a forbidden affirmative judgment against a sovereignty, or it might, if it saw fit, award the fund to the plaintiffs upon the condition asserted by the defendants. The case is entirely different from *Johansson* v. *Kemp* (211 App. Div. 276), where the alternative condemned by the court was an alternative statement of facts, not a mere alternative prayer for relief.

With the arguments of plaintiffs' brief that on the documents in the case all of the defendants' claims are unfounded I have no concern. That is a matter of proof. The matter before me is merely one of pleading. I am satisfied that the immunity of the plaintiff as a sovereign can be fully protected on the trial and that the questions presented to me should be determined on the trial.

Motions denied. Orders signed.