Reid S. Moule, J.
This is a motion by defendants pursuant to rule 106 of the Rules of Civil Practice to dismiss the second cause of action of plaintiff’s complaint.
Plaintiff’s second cause of action alleges that the plaintiff is the administratrix with will annexed of the estate of Clara Y. C. Balliett. It states that on September 8, 1940, Clara Y. C. Balliett died and that her husband F. HoAvard Balliett was appointed executor of her estate on September 16,1940. It further alleges that he acted as such executor until his death on Aug-ust 8, 1958. The second cause of action also sets forth that F. Howard Balliett had the life use of his wife’s estate pursuant to the terms of her will and that the remainder interest was in testator’s brother.
It is further alleged that F. Howard Balliett through the defendants who are partners engaged in the stock brokerage business, sold certain securities composing the principal of the estate and at the time of said sale it was his intention to convert the proceeds to his own use; that he thereafter did convert the proceeds to his own use.
In paragraph 12 of plaintiff’s complaint, it is alleged that defendants “ acted as agents of said executor and knew or should have known of his wrongful and unlawful diversion of the proceeds ”. There is thereby alleged in this paragraph two alternative theories on which plaintiff seeks to hold the defendants liable for damages. The first is that they knew of the executor’s diversions. The second is that they should have known of them.
It is a well-established principle that unless both alternate theories are sufficient in law, the cause of action must fail. (Pilinko v. Merlau, 7 A D 2d 617 [4th Dept., 1958]; Potter v. Gilbert, 130 App. Div. 632 [1st Dept.], affd. 196 N. Y. 576 [1909]; Johansson v. Kemp, 211 App. Div. 276 [1925].)
*205 For the purpose of this motion, the court assumes the allegations and facts stated in the complaint to be true (Locke v. Pembroke, 280 N. Y. 430 [1939]), and any reasonable inference which may be drawn therefrom. (Garvin v. Garvin, 306 N. Y. 118 [1953].)
The sole question is whether either theory of liability set forth in the plaintiff’s second cause of action is without merit.
Plaintiff’s complaint alleges that F. Howard Balliett was the executor of the estate of Clara V. C. Balliett at the time the stock certificates were delivered to the defendants. It is Avithout question that title to the certificates was properly in F. Howard Balliett. There are no allegations to the contrary. The delivery by the executor of the securities to the defendants for sale is not, on its face, an improper act, and the plaintiff’s complaint does not allege it to be such. The second cause of action states that the securities Avere delivered to the defendants for sale Avith intent to divert the proceeds of the sale wrongfully to the executor’s oavu use. We do not knoAv of any duty imposed upon the defendants as stockbrokers to examine the motives of the executor when an apparent lawful act has been requested. The defendants are not unlike a bank, dealing with funds of an estate deposited with the bank. In Bischoff v. Yorkville Bank (218 N. Y. 106,110-111 [1916]) Judge Collin, speaking for the court, stated: “ The title to the funds Avas in the executor, and he possessed the full control and disposition of them * * * A fiduciary may legally deposit the trust funds in a bank to his individual account and credit. Knowledge on the part of the bank of the nature of the funds received and credited does not affect the character of the act. The bank has a right to presume that the fiduciary will apply the funds to their proper purposes under the trust.”
The defendants were under an obligation to sell the securities delivered to them by the executor who had unquestioned legal title. Their failure to sell and remit the proceeds may have rendered them liable in damages to their principal. (Sparling v. Wade, 210 App. Div. 774 [1st Dept., 1924]; Newburger v. Levinson, 195 App. Div. 502 [1st Dept., 1921].)
It is one thing to impose an obligation upon defendant to investigate the motives of their principal when called upon to do a lawful act, and another to hold them responsible when they act with knowledge of the intended wrongdoing. The latter lends itself to the claim of actual participation, while the former imposes an onerous burden upon doing business. The law does not place a greater duty upon the defendants than upon any other agent in similar circumstances. ■
*206 The appropriate rule has been stated in Grace v. Corn Exch. Bank Trust Co. (287 N. Y. 94, 102 [1941]): “To establish joint liability of the bank for the dereliction of the trustee, the plaintiffs must prove that the bank gave to the wrongdoer such assistance as would make the bank a participant in the wrong * - * * Even so, unless in addition it appears that
the bank knew that the trustee was engaged in embezzling trust funds by withdrawal of the trust money in the personal account in order to apply them to his own use, the bank was justified in following directions of the trustee.”
This rule is well stated in the American Law Institute, Restatement (2 Trusts, § 326): “A third person who, although not a transferee of trust property, has notice that the trustee is committing a breach of trust and participates therein is liable to the beneficiary for any loss caused by the breach of trust”. The comment thereunder reads: “ If the customer deposits with the broker securities standing in the name of the customer as trustee, for the purpose of selling the securities and investing the proceeds, the broker is not bound to inquire as to the authority of the trustee to sell or as to his authority to make investments, and the broker is not liable for participation in a breach of trust, although the trustee did not in fact have any power of sale, and although the customer invested the proceeds and securities which are not ordinarily proper trust investments and which were not proper investments under the terms of the trust. ’ ’
Cases holding that a broker may be held responsible in conversion on behalf of his principal who has not title to the property are not applicable in this situation. (See Gruntal v. United States Fid. S Guar. Co., 254 N Y. 468 [1930].) In the case before the court defendants’ principal unquestionably had legal title to the securities delivered to the defendants.
It is the opinion of this court that there is no duty placed upon the defendants as stockbrokers when acting for a fiduciary to examine and follow the propriety of the fiduciary’s acts. Plaintiff’s theory that defendants should have known of the wrongful intent on the part of F. Howard Balliett is without merit.
Defendants’ motion to dismiss the plaintiff’s second cause of action, pursuant to rule 106 of the Rules of Civil Practice on the ground that it appears on the face of the complaint that it does not state facts sufficient to constitute a cause of action is granted without prejudice to the plaintiff to replead the second cause of action. The plaintiff shall have 20 days from the entry of the order herein to do so.
An order may be entered accordingly, without costs.
The papers may be obtained from the Clerk in Part I.