not supplied by a presumption from the making of the contract. As was said by Mr. Justice Blanchard:

"A bill for equitable relief should, it seems, sufficiently state that it is within the power of the defendant to do the acts for which the bill prays." Broder v. Gordon, supra.

I am convinced that this omission ousts the court of equitable jurisdiction, and as its power to, in the alternative, award damages in this action, is incidental to and dependent upon such equitable jurisdiction, the complaint cannot be retained for that purpose.

Plaintiff's motion to amend at the trial is denied. The deed in evidence was received against objection, and must now, under the ruling, be stricken out, so there is no proof in the case to sustain such an amendment. Were this otherwise, I think it not competent to at the trial so amend a complaint that it shall for the first time set forth a cause of action. An amendment contemplates that there shall be something to amend. Such an application must be made at the Special Term, where defendant has not asked to be sent. Abbott v. Meinken, 48 App. Div. 109, 62 N. Y. Supp. 660; Clements v. Beale, 53 App. Div. 416, 65 N. Y. Supp. 1093; Wheeler v. Hall, 54 App. Div. 49, 66 N. Y. Supp. 257.

Defendant's motion granted, and complaint dismissed, with costs, but without prejudice to plaintiff's right to institute such other or further action as may be advised. Exception to those rulings may be noted for plaintiff.

Ordered accordingly.

————————

JOYCE v. CONVENT AVE. CONST. CO.

(Supreme Court, Appellate Division, First Department. March 7, 1913.)

MASTER AND SERVANT (§ 318*)—NEGLIGENCE—ACTS OF CONTRACTOR.

> The owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employés of one contractor from the negligence of those of another, and to the employés of the various contractors the only liability on the part of the owner is for some affirmative act of negligence, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract.
>
> [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1257, 1258; Dec. Dig. § 318.*]

Appeal from Trial Term, New York County.

Action by Maurice Joyce against the Convent Avenue Construction Company. From a judgment for plaintiff, and an order denying a motion for new trial, defendant appeals. Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

James I. Cuff, of New York City, for appellant.

Lawrence B. Dunham, of New York City (Ellery Anderson Man, of New York City, on the brief), for respondent.

——————————————————————————————
.*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J. On the 1st day of September, 1909, the plaintiff was in the employ of one Flood as a plasterer's helper, and while carrying a hod of mortar up the flight of stairs between the second and third floors of an apartment building then being erected on premises owned by the defendant at the southwest corner of 147th street and Convent avenue sustained injuries by stepping on a strip of sheet iron forming the tread of one of the steps, which was not of sufficient thickness to hold his weight.

The defendant caused plans and specifications for the apartment house to be prepared by architects, and it then sublet the entire work, but reserved the right to supervise it for the purpose of insuring compliance with the contracts and plans and specifications. Plaintiff's employer had the contract for the plastering. Another contract was let for the ironwork, and still another for the marble work, which included placing marble slabs over the sheet iron to form the tread of the stairs. The framework of the stairway was iron, and sheet iron was required to be placed on the tread of the stairs before the marble slabs were installed. The evidence tends to show that this was required by the building laws to prevent the falling of pieces of the marble in the event of a fire, which might crack the marble.

The liability of the defendant is predicated upon the theory that the control over the work reserved to it by the contracts enabled it to specify the time when each contractor should perform his work, and that it was guilty of negligence in allowing the sheet iron to be placed on this tread before the marble contractor was ready to lay the marble slabs upon it, or in not having the sheet iron immediately covered with temporary planks. In this connection it is pointed out that this was the only stairway and the only means of access from the lower floors to the third and upper floors, and that, when the plaintiff first came to work, the defendant's superintendent pointed to the stairs as the way for him to go upstairs. The contract for the ironwork required the contractor to deliver the first tier of beams within one week from the date of the contract, and provided that "the balance of the work shall be delivered as fast as required by the owners." The contract for the marble work required that all of the marble work should be completed "in thirty days," and that "completion of the work within thirty days is of essence to this contract."

It is fairly to be inferred from the evidence that the sheet iron and marble slabs had been set in place on all of the steps in the third flight excepting one, and that on the Saturday before the accident, which occurred on Tuesday, the opening at this step was covered with boards which enabled those working about the building to use the stairs. The only evidence tending to show when the sheet iron was placed on this step is the testimony of the plaintiff that it was there at the time he was using the stairs when he met with the accident, and the evidence does not show when the boards that were over the opening on the preceding Saturday were removed, or by whom they were removed. For aught that appears, therefore, the boards may have been removed by the employés of the contractor for the iron work shortly before the accident, and the sheet iron may have been put on the tread of the stairs just before the plaintiff came up the stairs and before there was time

to place the marble slab over it. The stairs wound around an elevator shaft. The sheet iron was not intended for use as a step and the plaintiff was aware of that fact, but it does not appear that the light was such that he was chargeable with contributory negligence in not discovering that the step was only covered with sheet iron.

The court instructed the jury that none of the provisions of the Labor Law applied to the case, and left it to the jury to determine whether or not the defendant was negligent in allowing the stairway to be in the condition in which it was at the time the plaintiff met with the accident. The court was separately requested to charge the jury that the defendant could only be held liable for an affirmative act of negligence as distinguished from passive negligence; that the defendant was not liable for any act of a contractor, unless it took an affirmative part in the performance of the act; that the employés of each contractor took the risk of negligence on the part of other contractors and their employés, and that for damages caused by their negligence his only recourse would be against them; that the defendant was not under any obligation to furnish the plaintiff a safe place in which to perform his work; that, if the condition which caused the accident resulted from the progress of the work in the construction of the building, the defendant was not liable, and that the defendant was under no obligation to erect runways for the plaintiff who was an employé of an independent contractor. All of these requests were declined and exceptions were duly taken.

. We are of opinion that these rulings constitute reversible error. It is now well settled that the owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employés of one contractor from the negligence of those of another, and that to the employés of the various contractors the only liability on the part of the owner in such case is for some affirmative act of negligence on his part, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract. Hawke v. Brown et al., 28 App. Div. 37, 50 N. Y. Supp. 1032; Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755, 54 Am. Rep. 703; Engel v. Eureka Club, 137 N. Y. 100, 32 N. E. 1052, 33 Am. St. Rep. 692; Silverman v. Binder, 130 App. Div. 581, 115 N. Y. Supp. 54; Burke v. Ireland, 26 App. Div. 487, 50 N. Y. Supp. 369; s. c., 166 N. Y. 305, 59 N. E. 914; Potter v. Gilbert, 130 App. Div. 632, 115 N. Y. Supp. 425, affirmed 196 N. Y. 576, 90 N. E. 1165. The recovery was had on the theory of common-law liability, and, as has been seen, there is no evidence that the defendant had either actual or constructive notice of the condition in which the step was at the time the plaintiff attempted to use it, and therefore no question is presented for decision with respect to the liability of the defendant if it did have such notice in time to have remedied the defect or under any statute.

It follows that the judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event. All concur.