(85 Misc. Rep. 439)

KENNY v. A. C. & H. M. HALL REALTY CO.

(Supreme Court, Appellate Term, First Department. May 21, 1914.)

NEGLIGENCE (§ 48*)—CONDITION OF BUILDING—OWNER'S LIABILITY—INJURY TO EMPLOYÉ OF CONTRACTOR.

The owner of premises, on which a building was being constructed by separate contractors who contracted directly with the owner, is deemed to be in control of the building and is liable for injuries to an employé of one of the contractors caused by defect in the building not resulting from the owner's negligence but which had existed for such a time as to give constructive notice of the defect to the owner.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 51; Dec. Dig. § 48.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by James Kenny against the A. C. & H. M. Hall Realty Company. From an order of the Municipal Court setting aside a verdict of the jury in favor of plaintiff and dismissing the complaint, plaintiff appeals. Reversed, and verdict reinstated.

Argued May term, 1914, before GUY, BIJUR, and PENDLETON, JJ.

William H. Woolley, of New York City (Graham & Stevenson, of New York City, of counsel), for appellant.

Murray G. Jenkins, of New York City (Robert M. McCormick, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BIJUR, J.  The only question involved in this appeal is whether, under the circumstances of the case, the owner of a building had such control thereof as to form the basis for his liability for a negligent condition existing in the cellar.

Defendant was the owner and "general builder" of a building in the course of construction.  The physical work of construction was being performed by a number of contractors to whom individually defendant had given out the work to be done.  Plaintiff, an employé of one of these contractors, under direction of his foreman, went into the cellar to get some water.  The cellar floor had been concreted.  In the floor was a large pit to hold some of the plumbing work.  The pit was fitted with an iron cover which was off at the time of the accident, and, the light in the cellar being somewhat dim, plaintiff fell into the pit.

The learned judge below left to the jury a number of material questions, which must all, by reason of the verdict, be regarded as having been resolved in favor of plaintiff.  The present appeal involves but one question of law.  The court charged:

"If you find from the evidence that this cover was off and was continuously so for a period of time, although it may have been taken off by some person for whom the defendant was not responsible, then the defendant may be liable; but you must find from the evidence that this cover was off continually to such a length of time as would give notice to the defendant of a defective condition existing in that cellar."

In his opinion setting aside the verdict, the judge below points out that "there was no affirmative act of negligence established on the part of the defendant or his servants or employés," and adds:

"There is no proof here in this case that the defendant exercised any control whatever over the cellar, and it was necessary to prove this in order that the plaintiff should recover."

The latter expression is based substantially on Joyce v. Convent Avenue Construction Co., 155 App. Div. 586, at page 589, 140 N. Y. Supp. 663, at page 665, from which the court below quotes the following language:

"It is now well settled that the owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employés of one contractor from the negligence of those of another, and that to the employés of the various contractors the only liability on the part of the owner in such case is for some affirmative act of negligence on his part, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract."

This extract from the opinion, however, must be read, as must all general expressions in an opinion, in the light of the particular circumstances of the case to which it was addressed.  In the Joyce Case, the plaintiff, employed by a plasterer, a subcontractor, was injured by the breaking of a sheet iron frame for a marble step in one of the stairways then being installed by another subcontractor.  The sheet iron had just been put in place, and there had not been time to place the marble tread above it when the plaintiff used the stairs and was

147 N.Y.S.—62

injured by the breaking of the sheet iron. There was therefore involved in the case only an affirmative act of negligence. No question arose as to actual or constructive notice to the defendant as owner of the premises of a continuing unsafe condition—which is the only question involved in the case at bar. Indeed, this distinction is indicated by the very language of the Appellate Division in the Joyce Case immediately succeeding that which the court below in the case at bar has quoted. It is as follows:

"The recovery was had on the theory of common-law liability, and, as has been seen, there is no evidence that the defendant had either actual or constructive notice of the condition in which the step was at the time the plaintiff attempted to use it, and therefore no question is presented for decision with respect to the liability of the defendant if it did have such notice in time to have remedied the defect or under any statute."

The question thus pointed out by the Appellate Division as not being present in the Joyce Case is the very one which was properly left to the jury in the case at bar.

The cellar in which plaintiff was injured was certainly in the control of some one. Had the defendant intrusted the construction of this building to a general contractor, the point might be raised that the control of the entire premises was with the contractor until the building should be completed and turned over to the owner. In the absence of such a situation, however, I see nothing to disturb the ordinary rule that the owner of a building must naturally be deemed to be in control of it. There appears to me to be no difference, so far as his liability is concerned, between a case where the building is completed and one where it is in course of construction or repair. The negligence complained of is not predicated upon any affirmative act charged against the defendant, but on failure to keep in safe condition a part of its premises over which plaintiff was lawfully passing. Defendant had relinquished neither the permanent nor the temporary control of the premises, nor had it confided control either of the whole or of any part, in this case the cellar of the premises, to one or more contractors.

The jury having found that the negligent condition had existed for a time sufficient in length to give the owner constructive notice thereof, and the evidence being sufficient to sustain such finding, the verdict of the jury should stand.

Order reversed, with costs, and verdict reinstated. All concur.