GEORGE W. JACOBY, Respondent, *v.* EDWARD W. BROWNING, Appellant.

(Supreme Court, Appellate Term, First Department, December, 1918.)

**Damages — action to recover, caused by defendant's negligence in connection with erection of an apartment hotel — when new trial ordered.**

Defendant, the owner of land immediately adjoining plaintiff's premises in the city of New York, gave out contracts to different persons for the performance of all of the numerous items of work in connection with the erection of an apartment hotel on his land. In an action to recover for damages to plaintiff's residence alleged to have been caused by defendant's negligence it was proved that the roof of plaintiff's house was not protected by defendant as required by section 80 of the Building Code and that the damage was caused by the falling on the roof of various articles from defendant's building while it was in the course of construction. *Held,* that a judgment entered upon the verdict in plaintiff's favor and from an order denying defendant's motion for a new trial will be reversed and a new trial ordered.

The action not having been brought merely for a violation of the ordinance plaintiff was not required to plead it.

APPEAL by the defendant from a judgment of the City Court of the city of New York in favor of the

plaintiff, entered upon the verdict of a jury, and from an order denying defendant's motion to set aside the verdict and for a new trial.

Thomas G. Prioleau, for appellant.

Appell & Taylor (George H. Taylor, Jr., of counsel), for respondent.

MULLAN, J.   The plaintiff complains that his private residence was injured in various respects during the course of, and because of, the erection for the defendant of an apartment hotel on the land immediately adjoining the plaintiff's house; and he has had a recovery.   We shall assume that there was proof to sustain his claim that there were numerous instances of negligent conduct on the part of several of those engaged in the actual construction of the building, and that such negligence caused the damage that the plaintiff claims to have suffered.

The defendant, who was the owner of the land upon which the hotel was erected, gave out contracts to different people for the doing of all of the numerous items of work.   His position thus was the same as the very common one of a general contractor who lets out all the work to subcontractors.   He had architects and a superintendent, and the latter and he himself were shown to have closely watched the construction.   But their vigilant supervision was only such as they were entitled to exercise.   It is settled law that the general contractor has the right of general supervision in so far as it is necessary to insure full and proper performance by the subcontractors, and that it is only when he goes beyond the limits of that right and commits " some affirmative act of negligence, as by

taking some part in the performance of the work other than such general supervision as is necessary to insure its performance,'' that he is chargeable. *Joyce* v. *Convent Avenue Construction Co.,* 155 App. Div. 586. It may be difficult to say just what intrusion or participation in the work, by a general contractor, is enough to make him liable for its negligent performance, and it would be unwise to attempt to lay down any precise rules upon the subject; but it is safe to say that the general contractor is not expected to be a mere interested onlooker, without the ability to complain and criticise and thus indirectly to suggest, for if that were to be the measure of it, the so-called right of supervision would be a vain and empty thing. The rule must receive a practical construction, and while, on the one hand, it is important to see to it that a general contractor who does not keep within the bounds of his proper supervisory powers be not allowed to seek refuge behind the independent contractor rule, it is equally important, on the other hand, to see to it that a general contractor who does keep within those bounds be not denied a complete opportunity to compel proper and stipulated performance by the subcontractors.

In the instant case, the defendant was alert in the protection of his interests, but no more. It is needless to take up in detail the many instances relied upon by the plaintiff as showing the defendant's exercise of control. It is sufficient to say that there is only one that even permits of the inference that he interfered in, or took it upon himself to do any part of, the work, and that was in relation to keeping men to bail water, work that concededly had no connection whatsoever with any of the injuries complained of.

We should accordingly feel compelled to dismiss the

complaint, were it not for a city ordinance, designated and known as the Building Code, upon which the plaintiff in part relies. Section 80 of the ordinance provides that: " In all buildings over eighty-five feet in height, during construction or alteration, the windows on each floor above the second shall be properly inclosed as soon as the story is built. If the walls of such buildings are carried up two stories or more above the roofs of adjoining buildings, proper means shall be provided and used for the protection of skylights and roofs of such adjoining buildings. The protection over skylights shall be of stout wire netting not over three-quarter-inch mesh, on stout timbers, and properly secured. All such sheds and inclosures are to be subject to the inspection of the department of buildings. Should said adjoining owner, tenant or lessee refuse to grant permission to have said roofs and skylights so protected, such refusal by said owner, tenant or lessee shall relieve the owner of the building in course of construction from any responsibility for damage done to persons or property on or within the premises affected. Should such inclosure or protection not be so erected, the commissioner of buildings having jurisdiction shall cause a notice to be served personally upon the owner, or his authorized agent, constructing or repairing such buildings, or the owner, tenant or lessee of adjoining premises, requiring such inclosure or protection, as provided in this section, specifying the manner in which same shall be erected; and if such inclosures or protection are not erected, strengthened or modified as provided in such notice within three days after the service thereof the said commissioner of buildings, having jurisdiction shall have full power and authority to cause such inclosure to be erected on the fronts and roofs and the skylights

protected, and all expenses connected with same may become a lien on the property in interest so inclosed and protected, and which lien may be created and enforced in the same manner as now provided for in section 156 of this code.''

The ordinance contains no other reference to the person upon whom the duty of compliance with its provisions rests, except that it commences with a provision in relation to the erection and maintenance during construction of a shed over the sidewalk in front of the premsies, and provides that the duty of erecting and maintaining such shed shall be that of '' the owner, builder or contractor constructing or repairing such buildings.''

It was proved that the roof of the plaintiff's house was not protected as required by the ordinance, and that plaintiff's roof was damaged by the falling thereupon of various articles from the defendant's building during the course of its construction.

It is unnecessary for us to decide whether an owner who has employed a general contractor for the entire job is made liable under the ordinance, as the owner defendant here was in the situation of a general contractor, and we entertain no doubt that a general contractor would ordinarily be liable for a failure to comply with the ordinance. It is also unnecessary for us to decide whether or not a general contractor can relieve himself from liability by expressly contracting with a sub-contractor that the latter's work shall include the work necessary to meet the requirements of the ordinance, for here the defendant did not so contract. The sub-contracts contain a clause providing that the sub-contract shall '' comply with all state statutes, with the rules of all city and borough bureaus and departments so far as they relate to matters and

works referred to herein,'' etc. We think it is fairly plain, not only from the wording of this clause, but from the very nature of the case, that there was no contractual duty resting upon any sub-contractor to protect the plaintiff's roof. Presumably there are many sub-contractors, such as masons, the iron-workers, the carpenters, etc., whose work might occasion injuries to the lower roof of an adjoining house. Quite obviously, it was not intended by the defendant to place them all under the necessity of protecting the roof in the way called for by the ordinance. The installation of a protection device would naturally and properly be the work of one contractor, and it seems to us that the duty of furnishing such protection normally is upon the general contractor, at least when he has not specifically delegated that work to an independent contractor.

We are sending the case back for a new trial, at which, unless there be other proofs available to show the kind of participation by the defendant that would fasten liability upon him, the proofs may be confined to the issue presented by the claim of violation of the ordinance referred to.

The plaintiff was not required to plead the ordinance, as the action was not brought merely for its violation. The rule applies that makes the violation of the ordinance some evidence of negligence.

Judgment and order reversed and new trial ordered, with costs to appellant to abide the event.

GUY and WEEKS, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.