JOHN P. SHANAHAN, Appellant, *v.* CRESTONIA CONSTRUCTION CORPORATION, Respondent.

Second Department, January 11, 1924.

**Negligence — action to recover for personal injuries — defendant is owner of building under construction — plaintiff, employee of steamfitting contractor, was injured on runway constructed by stone mason contractor — runway was used by plaintiff with knowledge of defendant — error to dismiss complaint at close of case.**

In an action to recover for personal injuries suffered by the plaintiff when he fell into the basement of a building under construction, it was error for the court to dismiss the complaint at the close of the case, since it appeared that there was no general contractor for the construction work; that the defendant was the owner of the building and the work was being done by several contractors; that the stone mason who erected the foundation constructed a runway from the street from materials furnished by the defendant and left it when his work was completed; that thereafter subsequent contractors made use of the runway, with defendant's knowledge, and it was used also by the defendant; and that the plaintiff, an employee of the contractor engaged to do the steamfitting in the building, fell into the basement from the runway when one of the planks therein tilted.

The evidence is sufficient to show that the defendant adopted the runway as its own and permitted subsequent contractors to use it, and under these circumstances the defendant would be liable for any defect in the runway which existed for a sufficient length of time to give it notice thereof and which it had not remedied.

APPEAL by the plaintiff, John P. Shanahan, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Queens on the 20th day of March, 1923, upon the dismissal of the complaint by direction of the court after a trial at the Queens Trial Term.

*Thomas J. O'Neill* [*Leonard F. Fish* with him on the brief], for the appellant.

*F. A. W. Ireland* [*Robert M. McCormick* with him on the brief], for the respondent.

JAYCOX, J.:

The defendant, at the time of the happening of the accident to the plaintiff, was engaged in the construction of five houses. There was no general contractor. The work of constructing the

buildings was let out to different contractors, each taking a contract to perform that portion of the work involved in his own line of work. The stone mason who laid the foundation erected a runway from the street into the buildings or courtyard between the buildings. This runway was constructed out of materials furnished by the defendant. When that contractor finished his work he left the runway as he had constructed it. Thereafter, subsequent contractors made use of this runway with the defendant's knowledge. The defendant also made use of it. The plaintiff is a steamfitter and was in the employ of a firm having the contract to do the steamfitting. He was engaged in carrying some heavy iron pipe from the street into the building when the accident complained of happened. This pipe was to be used in the basement. The testimony shows that as he was walking along the runway or as he was about to lower the pipe into the basement, one of the planks in the runway tilted and the plaintiff was precipitated into the basement and received the injuries for which he sues.

The decision of the court below evidently was based upon a general statement in *Joyce* v. *Convent Avenue Construction Co.* (155 App. Div. 586), which reads as follows: " It is now well settled that the owner of premises who contracts for the erection of a building thereon owes no duty of active vigilance to protect the employees of one contractor from the negligence of those of another, and that to the employees of the various contractors the only liability on the part of the owner in such case is for some affirmative act of negligence on his part, as by taking some part in the performance of the work other than such general supervision as is necessary to insure its performance in accordance with the contract."

The point decided in that case was that the sheet iron upon which the plaintiff stepped and was injured had not been in place sufficiently long to enable the marble tread to be placed upon it when the plaintiff stepped upon it and was injured. The court clearly did not intend to absolve the owner from all liability to and duty towards the employees of the contractor in such a situation, for the portion of the opinion above quoted is followed by this statement: " The recovery was had on the theory of common-law liability, and, as has been seen, there is no evidence that the defendant had either actual or constructive notice of the condition in which the step was at the time the plaintiff attempted to use it, and, therefore, no question is presented for decision with respect to the liability of the defendant if it did have such notice in time to have remedied the defect or under any statute."

The evidence in this case would have permitted the jury to find

that the defendant adopted the runway as its own and permitted subsequent contractors to use it. (*Quigley* v. *Thatcher*, 207 N. Y. 66.) Under these circumstances the defendant would have been liable for any defect in the runway which existed for a sufficient length of time to give the defendant notice thereof and which it had not remedied. The general control of this building was at all times in the defendant, and if the defendant permitted runways and similar constructions erected by one contractor to be used by subsequent contractors, its relation thereto became the same as if constructed by it, except that it could not be charged with defects therein until it had notice thereof and opportunity to repair. (*Kenny* v. *Hall Realty Co.*, 85 Misc. Rep. 439.)

The judgment should be reversed upon the law and a new trial granted, costs to abide the event.

KELLY, P. J., MANNING, YOUNG and KAPPER, JJ., concur.

Judgment reversed upon the law and a new trial granted, costs to abide the event.