Order affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGH-
LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOHN P. SHANAHAN, Respondent, v. CRESTONIA CON-
STRUCTION CORPORATION, Appellant.

*Negligence — injury to employee of contractor on building through
defect in runway — sufficiency of evidence that owner adopted runway
as his own and permitted contractors to use it.*

*Shanahan v. Crestonia Constr. Corpn.,* 207 App. Div. 680, affirmed.
(Argued June 2, 1924; decided July 5, 1924.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
February 29, 1924, reversing a judgment in favor of
defendant entered upon a dismissal of the complaint by
the court at a Trial Term and granting a new trial in
an action to recover for personal injuries alleged to have
been sustained by plaintiff through the negligence of
defendant, who at the time of the happening of the
accident to the plaintiff was engaged in the construction
of five houses. There was no general contractor. The
work of constructing the buildings was let out to different
contractors, each taking a contract to perform that
portion of the work involved in his own line of work.
The stone mason who laid the foundation constructed a
runway from the street into the buildings or courtyard
between the buildings out of materials furnished by the
defendant. When that contractor finished his work he
left the runway as he had constructed it. Thereafter
subsequent contractors made use of this runway with
the defendant's knowledge. The defendant also made
use of it. The plaintiff is a steamfitter and in the
employ of a firm having the contract to do the steam-
fitting. He was engaged in carrying some heavy iron
pipe from the street into the building when, as he was
walking along the runway or as he was about to lower
the pipe into the basement, one of the planks in the
runway tilted and the plaintiff was precipitated into the

basement and received the injuries complained of. The Appellate Division held that the evidence would have permitted the jury to find that the defendant adopted the runway as its own and permitted subsequent contractors to use it.

*F. A. W. Ireland* for appellant.

*Thomas J. O' Neill* and *Leonard F. Fish* for respondent.

Order affirmed and judgment absolute ordered against appellant on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

JOSEPH A. MARTIN, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Negligence — railroads — automobile struck by train at railroad crossing.*

*Martin* v. *Erie R. R. Co.,* 206 App. Div. 767, affirmed.

(Argued June 2, 1924; decided July 5, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 11, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict. The action was brought to recover for personal injury and property damage sustained by plaintiff as the result of a collision between the locomotive of a passenger train of defendant and an automobile of the sedan type which was driven by plaintiff on December 3, 1920, over a highway crossing at grade at Washington avenue in the village of Suffern, New York. Plaintiff testified that as he approached the crossing he first looked to his right and seeing no train approaching he looked to his left. He then looked again to his right and saw the train fifty feet away at which time the front of his automobile was so near the main track that he was unable to stop at his speed of ten or twelve miles per hour, and, therefore, accelerated the speed of his automobile in an effort to pass in advance of the train.