MARVIN BRIGGS, INC., Appellant, *v.* NEW YORK PUBLIC LIBRARY, ASTOR, LENOX AND TILDEN FOUNDATIONS and Others, Defendants, Impleaded with VOLMAR RIGGING AND FORWARDING CO., INC., Respondent.

Second Department, July 2, 1940.

*Moses Smith*, for the appellant.

*J. Austin Lyons*, for the respondent.

TAYLOR, J. Plaintiff and defendant New York Public Library, Astor, Lenox and Tilden Foundations (hereinafter called Library) entered into a written contract for the sale of a boiler and its delivery and installation in the sidewalk vault of a building owned by that defendant at 801–807 Broadway, borough of Manhattan, New York city. In the contract plaintiff, in effect, indemnified Library against damages to its buildings during the execution of the work. The contract price was $4,280, for which amount plaintiff sues Library in its first cause of action. Library admitted its debt under the first cause of action to the extent of $1,139.53, being the amount of the contract price ($4,280), less the sum of $3,140.47, to which extent, Library claims, its building was damaged by reason of the negligence of plaintiff, and it paid that difference to the plaintiff before trial pursuant to a partial summary judgment against Library for that amount.

Plaintiff employed respondent Volmar Rigging and Forwarding Co., Inc. (hereinafter called Volmar) to transport the boiler from plaintiff's premises in Brooklyn to Library's premises in Manhattan. Volmar on its part employed the defendant M. Sullivan Crane Service Corp. (hereinafter called Sullivan corporation) to lift the boiler from Volmar's truck at the place of installation by means of a crane and to place it in the sidewalk vault. When the boiler was lifted by the crane, the boom buckled and struck and damaged the cast-iron front of Library's building, doing damage to the extent, as stated, of $3,140.47. The crane was operated directly by Sullivan corporation. The greater weight of the

evidence clearly shows that Volmar supervised, directed, and engaged in the operation of the crane so as to become in legal effect the master of Sullivan corporation as far as the operation was concerned. In the second cause of action plaintiff sought to recover from Volmar, Sullivan corporation and Matthew Sullivan, who actually operated the crane, the amount of damages to Library's building for which plaintiff would be liable to Library under the indemnity provision in the contract first mentioned, upon the basis that Volmar, Sullivan corporation and Matthew Sullivan were negligent in the operation of the crane, and that such negligence was the proximate cause of the damage.

The defendants Sullivan corporation and Matthew Sullivan defaulted. Defendants Volmar and Library each answered. The issues were tried before a court and jury and a verdict was rendered in favor of defendants Library and Volmar against plaintiff, and against defendants Sullivan corporation and Matthew Sullivan in favor of plaintiff for $3,140.70, fixed by the jury as the damages to the building. The court denied a motion made by plaintiff to set aside the verdict in favor of Volmar and for a new trial as against that defendant.

The appellant, urging reversal, contends in effect: (1) That as between plaintiff and defendant Volmar the verdict was against the weight of evidence; and (2) that the trial court erred in its refusal to instruct the jury that a question of fact was presented for its determination as to whether the work to be performed for plaintiff by Volmar was inherently dangerous in the nature of its performance and, therefore, could not be delegated to another contractor (Sullivan corporation).

The latter contention is without force. The work of the respondent in part involved, in an ordinary rigging operation, the removal of the heavy boiler, through the instrumentality of the crane, from Volmar's truck to the Library's sidewalk vault. Such operation was not inherently dangerous. (*Moore* v. *Wills, Inc.*, 250 N. Y. 426.) Therefore, no error is presented by the court's refusal to charge as thus requested by the plaintiff.

As bearing upon the claimed liability of Volmar to plaintiff for damages to Library's building, the learned trial justice stated to the jury that the question was: " Were the defendants Sullivan and the Sullivan corporation subcontractors acting independently, or were they and their crane hired to hoist the boiler from the truck and lower it into the cellar under the direction of Mr. Volmar, acting for the Volmar Corporation? " and by way of supplement stated that if the jury found that Mr. Volmar, acting for his corporation, was in control of the work and actively directed the

manner in which the work was to be done, it might find Volmar negligent, and that in such event the verdict would be against Volmar and Sullivan; but that if the relationship was that of independent contractors and that Volmar in no way directed the work and in no manner was in control of the operation of lowering the boiler into the cellar, and that the negligence was that of Sullivan only, the verdict should be in favor of the defendant Volmar and against the defendants Sullivan. This practically by consent became the law of the case.

In our opinion, the verdict on the issue thus presented is against the weight of the evidence. There must be a new trial of the issues as between the plaintiff and Volmar. The weight of the evidence demonstrates (1) that Volmar so interfered with, directed and supervised the crane operation of the Sullivan corporation as to make the former in legal effect the master of the latter in such operation; and (2) that Volmar did more than generally supervise the work. It actually participated in the performance of the work of the crane operator, Sullivan corporation. It was a question of fact, under the circumstances, whether Sullivan corporation was an independent contractor of Volmar so as to relieve the latter from liability for negligence of the former in the operation of the crane. (*Vide Hexamer* v. *Webb*, 101 N. Y. 377; *Joyce* v. *Convent Avenue Construction Co.*, 155 App. Div. 586, 589, 590; *Hayes* v. *Borup*, 244 id. 807.)

As to such defendants as were operating and in control of the crane at the time of its collapse, while it was in ordinary use in a rigging operation, the doctrine of *res ipsa loquitur* applies. The duty of coming forward with proof in explanation was upon those thus in control. There was no evidence in this phase. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285, 287, 288; *vide Robinson* v. *Consolidated Gas Co.*, 194 id. 37, 40.)

The judgment and order, in so far as appealed from, should be reversed on the facts and a new trial granted of the issues as between the plaintiff and the respondent Volmar Rigging and Forwarding Co., Inc., with costs to appellant to abide the event.

LAZANSKY, P. J., HAGARTY, JOHNSTON and CLOSE, JJ., concur.

Judgment and order, in so far as appealed from, reversed on the facts and a new trial granted of the issues as between the plaintiff and respondent Volmar Rigging and Forwarding Co., Inc., with costs to appellant to abide the event.