Charles M. Hughes, J.
The third-party defendant has moved for an order dismissing the third-party plaintiff’s complaint pursuant to CPLB 3211 (subd. [a]).
The primary plaintiff has brought an action in negligence to recover damages for conscious pain and suffering and wrongful death of the plaintiff’s intestate Allen V. Milne.
The plaintiff’s complaint and the third-party plaintiff’s complaint herein alleges that the plaintiff’s intestate was an employee of the third-party defendant and that he sustained injuries and ultimately died as a result of a cave-in of an excavation in which he was working on behalf of his employer. The pleadings and affidavits reveal that the third-party defendant Boceo J. Bepice hired the defendant and third-party plaintiff Chandler & Hatlee, as subcontractors, to perform excavation work.
The excavation was dug by the defendant and third-party plaintiff and measured 8 feet deep, 3 feet wide, and 70 feet long at the time the accident took place. At the time of the accident, no bracing or shoring devices of any kind were placed in the excavation. Section 241 of the Labor Law of the State of New York and rule 23-8.5 of the Board of Standards and Appeals (12 NYCBB 23.8, subd. [e], par. 5) provides for the shoring and bracing of trench excavation of not more than 4 feet in width and over 5 feet in depth to protect employees. The said rule also provides, in addition to other requirements, that when the *594 excavation work is done by a mechanical digger, as in this instance, the devices required shall follow the boom of such mechanical digger as closely as possible.
In the case at hand, the excavation and trench was not completed at the time of the accident. It is the third-party plaintiff’s position that the accident in the trench arose out of the primary and active negligence of the third-party defendant in that he directed the manner of the excavation and that he permitted his employee to enter the trench prior to its completion. The third-party defendant and third-party plaintiff does not claim to have provided any shoring at the time of the accident.
The sole question presented here is whether the third-party plaintiff pleads a cause of action where section 241 of the Labor Law imposes a nondelegable duty upon the contractor (third-party defendant) and the subcontractor (third-party plaintiff) to provide shoring or bracing devices on an excavation covered by the Labor Law.
It has been held that no indemnification is permitted when the negligently performed work comes within the purview of section 24Í of the Labor Law. The Court of Appeals, in a number of cases, has construed the section as rejecting the common-law doctrine of active and passive negligence. (See Rufo v. Orlando, 309 N. Y. 345; Walters v. Rao Elec. Equip. Co., 289 N. Y. 57; Semanchuck v. Fifth Ave. & 37th St. Corp., 290 N. Y. 412.) In these cases the court held that the failure to comply with the statute was a breach of a nondelegable duty, which renders the defendant an active wrongdoer. The result of these cases is that any person violating the statute is per se an active-feasor, and hence such a person cannot have a cause of action against a joint-tort-feasor. The third-party complaint must, therefore, be dismissed.
The question as to whether a sufficient length of time elapsed to provide shoring devices before the accident occurred is a question of fact to be left to jury upon the trial of the action.
In view of the authorities above cited and the court having found none to the contrary, the motion of the third-party defendant is granted to dismiss the complaint of the third-party plaintiff.