■ JOSEPH MUSTACCHIA, Appellant, v. LAFAYETTE NATIONAL BANK et al., Defendants-Respondents and Third-Party Plaintiffs-Appellants. JOHN B. KELLY, INC., Third-Party Defendant-Respondent.— In an action to recover damages for personal injuries sustained by reason of negligence of a general contractor and an owner of a lot on which a building was under construction, in providing an unsafe passageway over an excavation, whereby plaintiff was caused to fall while wheeling a load of bricks, (1) plaintiff appeals from so much of a judgment of the Supreme Court, Kings County, entered February 4, 1965, as, upon the court's decision at the close of plaintiff's case, dismissed the complaint; and (2) defendants, as third-party plaintiffs, appeal from so much of the judgment as dismissed their third-party complaint against plaintiff's employer. Judgment affirmed, insofar as appealed from, with costs payable by plaintiff to defendants, and otherwise, without costs. During construction of the building, the general contractor excavated a 2-foot wide trench 65 feet long to enable plumbers to lay pipe. The trench was wholly within the building area of the lot as distinguished from a proposed parking area. A bricklaying subcontractor, on Friday, October 23, 1959, voluntarily placed a board across the trench. On the following Monday plaintiff fell into the trench while endeavoring to cross on the board so placed by his employer, with a load of bricks on a wheelbarrow. In the interim the superintendent of the general contractor and others had used the board. There is no proof that it was necessary as a passageway, or even that it was used as a means of performing work by anyone other than the bricklayer's employees, for whom it is clear the board was laid. Even if it were incumbent upon the general contractor to provide a safe passageway across the trench, the failure to perform such duty was not the proximate cause of the happening of the accident. The injury did not result from the trench, as one defectively built (*Rufo* v. *Orlando,* 309 N. Y. 345; *Milne* v. *Chandler & Hatlee,* 45 Misc 2d 593, affd. 23 A D 2d 711) ; or left unguarded (*Vallina* v. *Wright & Kremers,* 7 A D 2d 101). Negligence of anyone other than plaintiff, if such there was, was exclusively that of his employer, for which defendants are not liable (*Iacono* v. *Frank Contr. Co.,* 259 N. Y. 377, 381; *Zucchelli* v. *City Constr. Co.,* 4 N Y 2d 52, 56). Ughetta, Acting P. J., Brennan and Rabin, JJ., concur; Christ and Hopkins, JJ., dissent and vote to reverse the judgment and to grant a new trial, with the following memorandum: In our opinion, plaintiff made out a prima facie case. The general contractor was under a statutory duty to safeguard the trench which it excavated as part of the work under its contract with the owner (Labor Law, former § 241, subds. 6, 7; Industrial Code, rule 23, 12 NYCRR Part 23). That nondelegable duty arose when the trench was dug with the implicit knowledge on the part of the general contractor that plaintiff's employer, the bricklaying contractor, would have to traverse it in order to carry out the employer's subcontract (cf. *Rufo* v. *Orlando,* 309 N. Y. 345, 349–350; *Vallina* v. *Wright & Kremers,* 7 A D 2d 101; *Milne* v. *Chandler & Hatlee,* 23 A D 2d 711; Ann., 20 ALR 2d 868, 875), and again when the general contractor, as plaintiff's proof showed, had express knowledge that not only the plaintiff, but also other workmen on the job, not connected with plaintiff's employer, were using

the plank in crossing the trench and which later broke (cf. *Shanahan* v. *Crestonia Const. Corp.*, 207 App. Div. 680, affd. 238 N. Y. 626; *Tiller* v. *Tishman Co.*, 3 A D 2d 769). Whether in fact the general contractor and the owner failed to perform their statutory duty, and whether their failure to do so was a proximate cause of plaintiff's injuries and the accident, are questions for the jury to decide (*O'Neill* v. *City of Port Jervis*, 253 N. Y. 423, 432–433; *Bergen* v. *East 84th St. Constr. Corp.*, 22 A D 2d 935, affd. 16 N Y 2d 644). "That plaintiff was caused to fall by the breaking of a plank is beside the point. No one is ever physically injured by the existence of an unguarded opening. Something must project him into the hole but that something cannot be more than a concurrent cause of the injury" (*Joyce* v. *Rumsey Realty Corp.*, 17 N Y 2d 118, 122). We do not consider that the recent case of *Wright* v. *Belt Assoc.* (14 N Y 2d 129) is dispositive. There the plaintiff's employer was engaged for the very purpose of digging the trench which collapsed, resulting in the plaintiff's injuries. Here the general contractor created the trench and left it without safe means of crossing, though it knew that the trench divided the site of the work, and that the plaintiff was compelled to cross it in performing his labor. In the interests of justice, we are of the opinion that the judgment dismissing the third-party complaint should also be reversed, and that the issues raised in both the main action and in the third-party action be determined at the trial.